IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PEOPLES BANK,

    *Plaintiff*,

vs.

KY-LA DEVELOPMENT, LLC, *et al.*,

    *Defendants*.

:
:
:
:
:
:
:
:
:
:
:

Case No. 1:25-cv-314

Judge Jeffery P. Hopkins

---

**OPINION AND ORDER**

---

This action originated in state court after Plaintiff Peoples Bank ("Plaintiff" or "Peoples Bank") filed suit against Defendants, the United States of America (the "United States") and KY-LA Development ("KY-LA Development"), seeking relief under a Creditor's Bill Complaint. Doc. 1; Compl., Doc. 2. The matter was removed from state court under 28 U.S.C. § 1442(a)(1), which authorizes the removal of any action pending against "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for . . . the collection of the revenue." 28 U.S.C. § 1442(a)(1). Before the Court is the United States' Motion to Dismiss based on lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Doc. 5. Plaintiff invokes Ohio Revised Code § 2333.01 to reach any money or other proceeds that may become due to KY-LA Development from separate litigation pending against the United States in the Court of Federal Claims. *See* Ohio Rev. Code § 2333.01. Compl., Doc. 2, ¶ 5; Doc. 6, PageID

204. The dispositive question in this case is not whether KY-LA Development may eventually recover funds in that separate action, but whether Congress has waived sovereign immunity to permit this suit against the United States in this Court. It has not. Accordingly, the Court **GRANTS** the United States of America's Motion to Dismiss (Doc. 5) and **DISMISSES** Peoples Bank's Complaint (Doc. 2) as to the United States **WITHOUT PREJUDICE**.

## I.  BACKGROUND

Peoples Bank is an Ohio state-chartered bank doing business in Warren County, Ohio. Compl., Doc. 2, ¶ 1. On February 28, 2025, Peoples Bank obtained a money judgment (the "Judgment") against KY-LA Development in the Warren County Court of Common Pleas for the amount of $456,304.20, plus accrued interest of $37,113.04, plus interest from January 29, 2025 as specified in certain promissory notes, plus late charges of $18,782.58, plus additional fees and charges of $20,388.55, plus attorneys' fees of $15,799.00 pursuant to R.C. § 1319.02 and costs. *Id.* ¶ 2. A few months later, on May 13, 2025, Peoples Bank filed a Creditor's Bill Complaint seeking to recover on the judgment from KY-LA Development and the United States under R.C. § 2333.01 which states:

> When a judgment debtor does not have sufficient personal or real property subject to levy on execution to satisfy the judgment, *any equitable interest which he has* in real estate as mortgagor, mortgagee, or otherwise, or any interest he has in a banking, turnpike, bridge, or other joint-stock company, or in a money contract, claim, or chose in action *due or to become due to him,* or in a judgment or order, or money, goods, or effects which he has in the possession of any person or body politic or corporate, *shall be subject to the payment of the judgment* by action.

Ohio Rev. Code § 2333.01 (emphasis added).

In the Creditor's Bill Complaint now pending before this Court, Plaintiff contends that KY-LA Development lacks sufficient personal or real property in the state of Ohio to fully satisfy the Judgment. Compl., Doc. 2, ¶ 3. However, Plaintiff alleges that KY-LA

Development has equitable or other interests due or to become due arising from a lawsuit by KY-LA Development against the United States. *Id* ¶ 4; *Genesee Street LLC, et al., v. United States,* 172 Fed. Cl. 426 (2024).

In the *Genesee* litigation, KY-LA Foundation is seeking more than $500,000 in monetary damages from the United States Small Business Administration due to its failure to remit payment of grant money KY-LA Foundation applied for under the Restaurant Revitalization Fund. Pl. Ex. B, Doc. 2-1, PageID 112–14, 145–46, 150–51, 170. The United States filed a motion to dismiss on sovereign immunity grounds, which the United States Court of Federal Claims denied holding that KY-LA Foundation's claim is a money mandating claim that falls squarely within the Tucker Act and thus sovereign immunity did not apply. *Genesee*, 172 Fed. Cl. at 431, 442. The United States then filed an interlocutory appeal which was granted by the United States Court of Appeals for the Federal Circuit. *Genesee St., LLC v. United State*s, No. 2025-108, 2025 WL 227349, at *1 (Fed. Cir. Jan. 17, 2025).) ("The petition for permission to appeal is granted"). As of this Order, no decision on the immunity defense asserted by the United States has been rendered and that matter is still pending before the Federal Circuit.

## II.    STANDARD OF REVIEW

The United States seeks to dismiss Peoples Banks' Complaint for lack of jurisdiction under Rule 12(b)(1) on the basis that the United States has not waived its sovereign immunity.

Because jurisdictional issues precede consideration of the merits and because the Court concludes that they are dispositive here, the Court addresses only jurisdiction in this Opinion. *United States ex rel. Kreindler & Kreindler v. United Techs. Corp.*, 985 F.2d 1148, 1155–56 (2d Cir. 1993) ("Where, as here, the defendant moves for dismissal under Rule 12(b)(1) . . . as well as

3

on other grounds, 'the court should consider the Rule 12(b)(1) challenge first . . .'") (citation omitted). The rule deeply rooted in American jurisprudence holds that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "[C]hallenges to standing are properly brought under Fed. R. Civ. P. 12(b)(1) for a lack of subject-matter jurisdiction." *Miller v. Collins*, No. 23-3191, 2023 WL 7303305, at *2 (6th Cir. Nov. 6, 2023). And when a defendant challenges the Court's jurisdiction under Rule 12(b)(1), "the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986); *Courtney v. Smith*, 297 F.3d 455, 459 (6th Cir. 2002) ("[T]he plaintiff, as the party invoking federal subject matter jurisdiction, has the burden of persuading the court that all of the requirements necessary to establish standing to bring the lawsuit have been met."). Further, a dismissal under Rule 12(b)(1) is without prejudice because it "allows for the possibility of repleading the action to bring it within the subject matter jurisdiction of some court." *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990).

A challenge to the court's subject-matter jurisdiction under Rule 12(b)(1) can be either facial or factual. *Id.* "A *facial* attack . . . merely questions the sufficiency of the pleading." *Id.* The standard for whether a "complaint . . . allege[s] jurisdiction adequately" is whether it "contain[s] *non-conclusory* facts which, if true, establish that the district court ha[s] jurisdiction over the dispute." *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 440 (6th Cir. 2012) (emphasis added). "When ruling on a motion to dismiss for lack of standing or a facial challenge to its subject-matter jurisdiction under Rule 12(b)(1), the district court must accept all material allegations of the complaint as true." *Phillips v. Trump*, No. 18-6341, 2019 WL 7372704, at *1 (6th Cir. Nov. 20, 2019).

4

"On the other hand, when a court reviews a . . . *factual* attack . . . no presumptive truthfulness applies to the factual allegations." *Ohio Nat'l Life Ins. Co.*, 922 F.2d at 325. And when reviewing a factual attack on jurisdiction courts may consider sources outside the pleadings. *Id.*("[A] trial court has wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts."); *Nichols v. Muskingum Coll.*, 318 F.3d 674, 677 (6th Cir. 2003) ("[T]he court may consider evidence outside the pleadings to resolve factual disputes concerning jurisdiction, and both parties are free to supplement the record by affidavits.").

## III.   LAW AND ANALYSIS

Turning to the United States' main argument, the government contends that the case should be dismissed on sovereign immunity grounds. It has long been the rule that "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *United States v. Sherwood*, 312 U.S. 584, 586 (1941) (citations omitted). Because the consent of the United States to be sued in any court defines that court's jurisdiction, sovereign immunity is jurisdictional in nature. *Gaetano v. United States*, 994 F.3d 501, 506 (6th Cir. 2021). A waiver of sovereign immunity "cannot be implied but must be unequivocally expressed." *United States v. King*, 395 U.S. 1, 4 (1969). Peoples Bank does not identify any statute or other provision that suggests the United States has waived its sovereign immunity.

As an example of statutory waiver, in a distinct but related context, the Child Support Enforcement Act, 42 U.S.C. § 659, demonstrates the manner in which Congress enacted a narrowly tailored waiver that permits federal agencies to honor certain garnishment orders without opening the federal government to broader garnishment-related litigation. *Stubli v.*

*Principi*, 362 F. Supp. 2d 949 (N.D. Ohio 2005). In *Stubli*, the court held that 42 U.S.C. § 659(a)(8) "simply authorizes federal agencies to honor state court garnishment orders" for support obligations and "*creates neither a federal right to garnishment nor any federal jurisdiction over garnishment proceedings.*" *Id*. at 951–52 (emphasis added). The court went on to state that any waiver of sovereign immunity under the statute "did not waive such immunity to any extent greater than that stated in the statute." *Id*. *Stubli* thus illustrates that even when Congress authorizes federal agencies to honor certain state-court orders, any waiver of sovereign immunity is carefully confined to the terms of the statute and does not create a broader cause of action or jurisdictional grant for private creditors.

Although, this case does not involve child support or alimony obligations or even garnishment, it similarly seeks to compel the United States to redirect funds owed to an individual toward that individual's private obligations. Here, however, Plaintiff identifies no analogous statute that waives sovereign immunity so as to permit a private judgment creditor to reach Defendant's alleged claim against the United States. Compl., Doc. 2, PageID 102. In the absence of such a waiver, this Court lacks jurisdiction to subject the United States to garnishment or similar compulsory process in aid of enforcing Plaintiff's judgment.

Plaintiff also argues that, because the Federal Deposit Insurance Company ("FDIC") has previously used the same procedural mechanism that Plaintiff is using (R.C. § 2333.01) to obtain a lien against a judgment creditor, Plaintiff too should be permitted to do so because "what is good for the goose is good for the gander." Doc. 6, PageID 206 (citing *Fed. Deposit Ins. Co. v. Willoughby,* 19 Ohio App. 3d 51, 55 (8th Dist. 1984). However, Plaintiff does not explain how that case is similar or has the same effect as Congress unequivocally providing for a waiver of sovereign immunity in this case, which is what is required. *See King*, 395 U.S.

6

at 4. A waiver of sovereign immunity in one case—indeed one supported by a statutory waiver not applicable in this case—is not grounds to find that sovereign immunity has been waived in this case.

In addition, Plaintiff argues that because sovereign immunity was deemed waived in *Genesee* that it is waived in this case as well. Doc. 6, PageID 205. *See Genesee*, 172 Fed. Cl. at 431, 442. That argument fails because a waiver of sovereign immunity is not portable from one lawsuit to another. Even though the lower court in the *Genesee* determined that sovereign immunity was waived, that determination is necessarily tied to the jurisdictional posture, claims, parties, and waiver theory presented in that case (the Tucker Act). *See Genesee*, 172 Fed. Cl. at 431, 442. Moreover, the entire question of sovereign immunity has yet to be decided in the appeal still pending before the Federal Circuit. Regardless, as noted above, sovereign immunity requires "a clear statement from the United States waiving sovereign immunity . . . *together with a claim falling within the terms of the waiver*." *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003) (emphasis added). There is no contention being made by Plaintiff that the present claim falls within the Tucker Act—the source of the waiver in *Genesee.* Nor has Plaintiff cited any other statutory authority conferring a waiver of suit against the United States in this context. Accordingly, it does not follow that the United States has waived immunity in this separate action, the one involving Plaintiff, involving a different judgment, a different procedural posture, a different claim, and a different request for relief.

Nor does Plaintiff's theory become stronger because the related case still pending before the Court of Claims is the case from which Plaintiff expects KY-LA Development to obtain assets to satisfy the judgment at issue here. *112 Genesee St., LLC v. United States*, *112*

*Genesee St., LLC v. United States*, 2025 U.S. App. LEXIS 1091 at *1 (Fed. Cir. Jan. 17, 2025) . The potential source of payment—here, a possible Tucker Act recovery by KY-LA Development—goes to the mechanics of collection, not to the existence of a clear, statutory waiver permitting this creditor's bill against the United States. Again, sovereign immunity can be overcome only by a clear expression of consent by the United States, and jurisdiction exists only where the asserted claim fits within the boundaries of that waiver. *White Mountain Apache Tribe*, 537 U.S. at 472.

Put differently, Plaintiff conflates two distinct questions: first, whether KY-LA Development may obtain or control assets through another case; and second, whether KY-LA Development have consented to suit in this one. The former concerns the practical possibility of collection; the latter concerns this Court's jurisdiction. Only the latter is relevant to sovereign immunity, and Plaintiff identifies no statute, contractual provision, or other unequivocal expression implicating the United States waiving immunity for the collection of revenue engendered by this action. *See* Compl., Doc. 2; Doc. 6.

Accordingly, to the extent Plaintiff's Creditor's Bill Complaint seeks relief against any amounts that may be "due or to become due" to KY-LA Development on account of its litigation of claims against the federal government in the Court of Claims, *see* Compl., Doc. 2, that request must be denied because this Court lacks subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) based on sovereign-immunity grounds. *Gaetano*, 994 F.3d at 506 (consent of the United States to be sued in any court defines that court's jurisdiction; sovereign immunity is jurisdictional in nature).

## IV.    CONCLUSION

The United States may be sued only to the extent Congress has clearly and unequivocally consented, and any such waiver must be strictly construed in favor of the federal government. *Clay v. United States*, 199 F.3d 876, 879 (6th Cir. 1999). Peoples Bank relies solely on an Ohio creditor's bill statute and on prior litigation involving different parties, different statutes, and different forums. *See* Compl., Doc. 2; Doc. 6. It has not identified any federal statute waiving sovereign immunity for this creditor's bill action, nor has it shown that its claim falls within the terms of any waiver. *Id.* Because sovereign immunity is jurisdictional, this Court lacks subject-matter jurisdiction over Plaintiff's claim against the United States.

Additionally, because this case was removed under 28 U.S.C. § 1442, and the claims against the United States are barred by sovereign immunity, the appropriate remedy is to dismiss only the claims against the United States and remand the remaining claims against KY-LA Development to state court. Unlike cases removed under § 1441, the derivative jurisdiction doctrine applies to removals under § 1442. *See* Doc. 5, PageID 199 n. 3; Accordingly, for the reasons stated, the Court **GRANTS** the United States of America's Motion to Dismiss Peoples Bank's Complaint (Doc. 5), **DISMISSES** Peoples Bank's Complaint (Doc. 2) as to the United States **WITHOUT PREJUDICE**, and **REMANDS** this matter to the Warren County Court of Common Pleas for further disposition of Plaintiff's claim against KY-LA Development on the Creditor's Bill Complaint.

    **IT IS SO ORDERED.**

May 4, 2026
                                                Jeffery P. Hopkins
                                                United States District Judge

9